[Civil No. 457.   Filed June 27, 1895.]

[40 Pac. 679.]

ALFRED C. SHEEN, Plaintiff and Appellant, v. FRED G. HUGHES, Clerk of the Board of Supervisors of Pima County, Arizona Territory, Defendant and Appellee.

1. ELECTIONS—PROCLAMATION—NECESSITY FOR—PURPOSE OF—NOTICE— POWER OF GOVERNOR TO DETERMINE OFFICERS TO BE ELECTED—" OFFICES TO BE FILLED" APPLIES PARTICULARLY TO SPECIAL ELECTIONS —CLERK—DUTY TO PLACE NAMES ON BALLOT—REV. STATS. ARIZ. 1887, PARS. 1588, 1589, 1590, 1591, CITED AND CONSTRUED.—Paragraph 1588, *supra,* provides that "there shall be held throughout the

territory upon the Tuesday after the first Monday in November, A. D. 1888, and every two years thereafter, an election for members of the legislative assembly and such other officers as may be required by law to be chosen at such election, to be called the 'general election.'" Paragraph 1589, *supra*, provides: "Special elections shall only be held to fill the vacancies in the office of members of the legislature or delegate to Congress, on the proclamation of the governor for that purpose." Paragraph 1590, *supra*, provides: "At least thirty days before a general election and at least ten days before any special election the governor must issue an election proclamation. . . ." Paragraph 1591, *supra*, provides: "Such proclamation must contain: (1) a statement of the time of the election and the offices to be filled. . . ." Under these statutes a proclamation of election is necessary for the holding of any election, and is for the purpose of giving notice of the time and place of holding the election. It is not in the power of the governor to authorize the election of an officer not provided for by law at a general election. The statute requiring "the offices to be filled" to be in the proclamation applies more particularly to the proclamations for special elections. The fact that the proclamation provided for the election of three members of the board of supervisors does not *of itself* make it the duty of the clerk of the board of supervisors to place upon the ballot the name of the third nominee, the election being a general election and the officers to be elected being determined by law.

2. OFFICE AND OFFICERS—VACANCY—APPOINTEE—UNEXPIRED TERM—REV. STATS. ARIZ. 1887, PAR. 3116, CONSTRUED.—Under the statute, *supra*, providing that the person appointed or elected to fill an office made vacant, after qualifying, possesses all the rights, etc., of the officer whose place he takes; he acquires the office for the remaining or unexpired portion of the term.

3. SAME—BOARD OF SUPERVISORS—FILLING VACANCIES—PERPETUATING TERM.—Provision having been made for the filling of vacancies in the entire board of supervisors, two of whom have terms not to exceed two years, and one having a term not to exceed four years, those whose duty it is to fill such vacancies must do so in a way that the terms of the former members of the board will be perpetuated for those terms, each term in the person of a certain individual.

4. SAME—VACANCY—APPOINTEE—ELECTION OF SUCCESSOR.—Where a vacancy in the office of supervisor has been filled by appointment there can be no election of a successor to such office until the expiration of the original term.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. J. D. Bethune, Judge. Affirmed.

Statement of facts by Rouse, J.

Appellant filed a complaint October 20, 1894, for a *mandamus* to compel appellee, as clerk of the board of supervisors, to place appellant's name on the ballots to be voted at the general election in 1894, as a candidate for the office of supervisor of Pima County. Plaintiff alleges in his said complaint that at the general election in 1890 Frank Allison was elected a supervisor of said county for a term of four years, ending January 1, 1895; that said Allison resigned December 7, 1891, and the remaining supervisors and the probate judge of said county filled the vacancy caused by Allison's resignation by the appointment of G. M. Avery, who duly qualified; that at the general election in 1892 M. G. Samaniego and Hiram Stevens were duly elected supervisors for terms commencing January 1, 1893,—Samaniego for two years, and Stevens for a term of four years, from that date,—and each duly qualified; that thereafter, on March 1, 1893, said Stevens departed this life, and the probate judge and remaining members of boards of supervisors filled the vacancy caused by Stevens's death by appointing James Finley a supervisor, and that Finley duly qualified; that the board of supervisors then consisted of Avery, Samaniego, and Finley; that the governor on September 24, 1894, by proclamation of election, ordered a general election to be held in the territory of Arizona, according to law, fixing the time for the election, specifying and enumerating the offices to be filled by election, and therein specifying and directing the election in Pima County of three members of the board of supervisors; that at the Democratic convention in Pima County held September 13, 1894, two candidates only for supervisors were nominated, and that they, with candidates named for other offices, were properly returned by said convention, to authorize their names to be placed on the ballots by the defendant; that the Democratic executive committee, which had been duly authorized by the said convention to fill vacancies or omissions occurring in the ticket, after the said proclamation,—viz., on October 15, 1894,—selected and nominated plaintiff as a candidate for supervisor, for a term of two years, from January 1, 1895, in the place and stead of said Finley, and thereafter reported said nomination and appointment of plaintiff to the

defendant, and demanded that he place the name of said Sheen on the ballots to be voted at said election, for the office of supervisor. Defendant refused to comply with the demand and request to place plaintiff's name on said ballots, and plaintiff filed said complaint for a *mandamus*, to which defendant made an answer in the nature of a demurrer, and, further, that there was no vacancy in the office of supervisor caused by Stevens's death; that Finley was filling said vacancy. On the trial, judgment was given refusing the writ of *mandamus*, and in favor of defendant, from which plaintiff appeals.

Heney & Ford, for Appellant.

The law especially enjoined upon defendant as clerk of the board of supervisors the duty of preparing and providing ballots containing name of plaintiff, and as defendant refused so to do, a writ of *mandamus* should have been granted to compel him to perform this duty. Rev. Stats. Ariz. 1887, pars. 1590, 1591, 2335, 2336; Act No. 64, 16 Leg. Assem.

James Finley having been appointed on March 1, 1893, to fill the vacancy caused by the death of Hiram Stevens, held only till the general election of 1894, and it was the duty of the defendant to provide ballots containing the name of plaintiff as a candidate to fill such vacancy. *Hagerty* v. *Arnold*, 15 Kan. 367; *Rice* v. *Stevens*, 25 Kan. 302; *Attorney-General* v. *Councilmen of Detroit*, 58 Mich. 213, 55 Am. Rep. 655, 24 N. W. 887; *Attorney-General ex rel. Lawrence* v. *Trombly*, 89 Mich. 50, 50 N. W. 744; *Tillson* v. *Ford*, 63 Cal. 701.

When the duration or term of an office to be filled by popular election is a question of doubt or uncertainty, the interpretation is to be followed which limits it to the shortest time and returns to the people at the earliest period the power and authority to refill it. *Wright* v. *Adams*, 45 Tex. 134; *People* v. *Fitch*, 1 Cal. 520.

Barnes & Martin, for Appellee.

In the absence of a statute or clause in the Organic Act limiting the holding of one inducted into an office to fill a vacancy, the law is, that such person holds during the unexpired term in which the vacancy occurred.

The incumbent then becomes seized of the office as a vested right. He has an estate in it as property of which he cannot be divested.

It is a contract between the territory on the one hand and the individual on the other, in the right and enjoyment of which he cannot be disturbed or defeated except by operation of law. *People* v. *Wells,* 2 Cal. 204; *United States* v. *Hartwell,* 6 Wall. 385.

One of these vested rights is to hold for the term (*People* v. *Rix,* 33 Cal. 503), and to receive the emoluments for the term.

Section 3116 of the Revised Statutes of Arizona is a legislative declaration of the common law as above stated.

ROUSE, J. (after stating the facts).—The first thing to claim our attention, presented by the record in this case, is the proclamation of election. Counsel for appellant contend that as it was stated in the proclamation of election that three supervisors were to be elected, it was the duty of appellee to place the names of the three persons nominated on the ballots as candidates for supervisors; that the proclamation, *per se,* fixed the number to be elected. It will only be necessary for us to consider a proclamation of election far enough to dispose of the above contention. We have the following statutes with reference to elections, viz.: "There shall be held throughout the territory, upon the Tuesday after the first Monday in November, A. D. 1888, and every two years thereafter, an election for members of the legislative assembly and such other officers as may be required by law to be chosen at such election, to be called the 'general election.'" Rev. Stats., par. 1588. "Special elections shall only be held to fill the vacancies in the offices of members of the legislature or delegate to Congress, on the proclamation of the governor for that purpose." Rev. Stats., par. 1589. Two kinds of elections have been established,—viz., general elections and special elections. Special elections can only be held to fill vacancies in the office of members of the legislature or delegate to Congress. No other officers can be chosen at such election, and they can only be held on the proclamation of the governor for that purpose. It is further provided by law as follows: "At least thirty days before a general election and at least ten

days before a special election the governor must issue an election proclamation. . . ." Rev. Stats., par. 1590. "Such proclamation must contain: (1) A statement of the time of election and the offices to be filled. . . . " Rev. Stats., par. 1591. A proclamation of election is necessary in order for the holding of any election. Par. 1590, *supra.* It is evident from the above provisions of the statute that proclamations of elections are for the purpose of giving notice of the time and place of holding the elections. Proclamations of elections, as a rule, are considered only as notices. McCrary on Elections, sec. 26, pp. 141-151. Mr. Cooley states the rule thus: "Where, by the express provisions of the statute, the election is to be held after proclamation or notice announcing the time or the place, or both, and where no such proclamation has been made or notice given, the election is void. But where both the time and the place of an election are prescribed by law, every voter has a right to take notice of the law, and to deposit his ballot at the time and place appointed, notwithstanding the officer whose duty it is to give notice of the election has failed in that duty. The right to hold the election in such a case is derived from the law, and not from the notice." Cooley on Constitutional Limitations, 603. The statute provides for the holding of general elections, fixing the dates thereof, and what officers are to be elected at such elections. Par. 1588, *supra.* The law declares what officers are to be elected at general elections, and it is not in the power of the governor to authorize the election of an officer at such an election, unless there is such office provided by law, or to prevent the election of an officer at such election, to an office to be filled at that time, by including the office in his proclamation in the first case, and withholding it in the other. Cooley on Constitutional Limitations, 603; *Foster* v. *Scarff*, 15 Ohio St. 532; *Dishon* v. *Smith*, 10 Iowa, 212.

It is provided that special elections to fill vacancies occurring in certain offices may be held "on the proclamation of the governor for that purpose." General elections occur at fixed periods, and for the election of the officers to take the places of those whose terms expire by operation of law. Special elections are held for the election of officers to places made vacant by the occurrence of some unexpected event,— something which may occur without becoming generally

known. For these reasons, notices of special elections should be given of the time, and also the purpose thereof should be stated. It is apparent that the statute requiring the words "the offices to be filled," to be in the proclamation applies more particularly to the proclamations of election for special elections. The proclamation of election in this case, *per se,* did not make it the duty of appellee to place on the ballots the name of appellant. The election was a general election, and only such officers as were provided by law could be elected at that time. The proclamation of election was only a notice of the time of such election. As this is not a contest for an office, it is not necessary that we should dwell upon this point any longer.

The only other question presented by the record is as to the length of time for which Finley was appointed. "An office becomes vacant on the happening of either of the following events before the expiration of the term: (1) The death of the incumbent. . . . " Rev. Stats., par. 3111. It is the term that becomes vacant. Id. "Any person elected or appointed to fill a vacancy, after filing his official oath and bond, where a bond is required, possesses all the rights and powers and is subject to all the liabilities, duties, and obligations of the officer whose vacancy he fills." Rev. Stats., par. 3116. The person appointed to fill an office made vacant, after qualifying, possesses all the rights, etc., of the officer whose place he takes. That which is surrendered by the one is gained or acquired by the other. The one loses the office for the remaining or unexpired portion of the term, and the other acquires, by appointment, that which is surrendered. When an office becomes vacant, and there is no mode provided by the law to fill the vacancy, the governor is to fill it by granting a commission. Rev. Stats., par. 3114. A mode for filling vacancies in the board of supervisors is provided in paragraph 388 of the Revised Statutes. Such vacancies are filled by the remaining supervisors and the probate judge, and if there are no supervisors, then by the probate judge, recorder, and treasurer of the county. The law provides for three supervisors, two of whom are elected for terms of two years, and one for a term of four years, all being elected at the first election, and the long, or four-years, term being acquired by the candidate receiving the greatest number of votes. Pro-

visions have been made for filling vacancies in the entire board of supervisors, two of whom have terms not to exceed two years, and one having a term not to exceed four years. It follows from the above that those whose duty it is to fill such vacancies must do so in a way that the terms of the former members of the board will be perpetuated for those terms, each term in the person of a certain individual. Other-wise it would result in confusion, and there would be no way to determine the time of the expiration of the terms of the individuals appointed.

We are of the opinion that on the death of Stevens a vacancy in the office of supervisor occurred for the remaining portion of his term,—viz., from March 1, 1893, until January 1, 1897; that the appointment of Finley was for the term made vacant by Stevens's death; and that no election of a successor of Finley can be had until the general election in 1896. The act of defendant in refusing to place plaintiff's name on the ballots was right, and the judgment of the district court in favor of defendant is correct, and is affirmed.

Baker, C. J., and Hawkins, J., concur.