[Civil No. 514.   Filed August 24, 1896.]

[46 Pac. 212.]

NATHANIEL SHARP, Plaintiff and Appellant, v. W. L.
GEORGE et al., Defendants and Appellees.

1. SCHOOLS — UNION HIGH-SCHOOL DISTRICT — ESTABLISHMENT — ELEC-
    TION—MAJORITY OF VOTES IN WHOLE DISTRICT SUFFICIENT TO ES-
    TABLISH—LAWS ARIZ. 1895, ACT NO. 32, APPROVED MARCH 18, 1895,
    CONSTRUED.—If under act No. 32, *supra,* for the establishment of
    union high-school districts, trustees of a school district having a
    certain population petition the school superintendent for the estab-
    lishment of a union high-school district, said superintendent shall

Arizona 5—5

order an election therein for that purpose. In order that a union high-school district may be formed of two or more adjoining school districts, it is necessary that a majority of the trustees of each of the school districts shall petition for that purpose, and when that is done an election must be ordered therein. In such case, each of said school districts is a part of the proposed union high-school district, made such by the said petition. If at the election therein a majority of the votes in the district, as a whole, are for the union high-school district, it is then a district; otherwise, it is not.

2. SAME—SAME—ELECTION — MAJORITY OF VOTES — LAWS ARIZ. 1895, ACT NO. 32, APPROVED MARCH 18, 1895, CONSTRUED.—"If a majority of such votes be cast in favor of a high school, . . ." as used in section 3 of act No. 32, *supra*, means the majority of those voting, and has no reference to the number of qualified electors residing in the district.

3. SAME—SAME—SAME—NOTICE OF ELECTION—FAILURE TO HOLD ELECTION IN SINGLE DISTRICT—NOT AFFECTING THE RESULT—DOES NOT AVOID ELECTION.—Accidental failure to give notice of election and to hold election in one district to be consolidated into a union high-school district will not render void an election therefor where it appears that if all the qualified voters in such district had voted against the proposition the result would not have been changed.

4. SAME—SAME—SAME—NOTICES—SUFFICIENCY—LAWS ARIZ. 1891, ACT NO. 16, CITED.—Notices of election for union high-school district given according to the provisions of act No. 16, *supra*, are sufficient, this act governing the case.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Affirmed.

The facts are stated in the opinion.

Cox & Willis, for Appellant.

The notices of election state that the polls would open at nine A. M. and close at four P. M., instead of opening at eight A. M. and closing at sunset, as provided by the General Election Law. When the question of a special election is to come before the people of a community, and particularly when such elections involve the levying of additional taxes upon the residents and taxpayers thereof, the courts are unanimous upon the proposition that all the steps necessary to the calling and holding of such special elections must be strictly pursued in accordance with the statute. *People* v. *Seale*, 52 Cal. 620;

*People* v. *Castro,* 39 Cal. 69; *State ex rel. Crocker* v. *Echols,* 41 Kan. 1, 20 Pac. 523.

Notices of the election were not posted upon the door of each schoolhouse in the proposed high-school district ten days prior to the election. That such failure to have proper notices filed renders the special election void, see *Williams* v. *Town of Roberts,* 88 Ill. 11; *Hodgkin* v. *Frye,* 33 Ark. 716; *McPike* v. *Pen,* 51 Mo. 63; *State* v. *St. Louis etc. Ry. Co.,* 75 Mo. 526; *Greenbanks* v. *Boutwell,* 43 Vt. 219; *Harding* v. *Rockford etc. R. Co.,* 65 Ill. 90; *Hubbard* v. *Town of Williamstown,* 61 Wis. 397, 21 N. W. 295; *People ex rel. Rodgers* v. *Spencer,* 55 N. Y. 397; *Pratt* v. *Town of Swanton,* 15 Vt. 147.

The votes cast in favor of the union high school were not a majority of the electors residing in said high-school district, therefore the proposition did not carry. *People ex rel. Hetfield* v. *Trustees,* 70 N. Y. 32.

Millay & Bennett, for Appellees.

ROUSE, J.—The appellant, Nathaniel Sharp, as plaintiff, commenced an action against the appellees, W. L. George et al., as defendants, for an injunction to restrain the defendants from the collection of a tax for the maintenance of a certain union high school in a union high-school district, composed of school districts numbered 1, 2, 5, 7, 8, 16, 21, 27, 30, 34, and 38, in Maricopa County, Arizona. All of said school districts were adjoining, and a majority of the trustees of each petitioned the county school superintendent to establish a union high-school district, to be composed of said school districts. After receiving such petitions from all of said districts, the said superintendent fixed a date for the election, prepared notices thereof, and elections were held on said date in all of said districts, excepting school district No. 16. It appears from the evidence that by accident no notices of said election were posted up in said district No. 16. The evidence shows that at said election there were for the establishment of a union high-school district two hundred and eleven votes, and against it one hundred and twenty-nine votes. It is evident from the record that the trial court treated the territory embraced within the exterior limits of all the said school districts as one body; the several districts being treated as so many places for voting, as election precincts.

The law for the establishment of union high-school districts provides that if a majority of the trustees of a school district, having a certain population, petition the county school superintendent for the establishment of a union high-school district, said superintendent shall order an election therein for that purpose. It also provides that two or more adjoining school districts may be formed into a union high-school district. In order that a union high-school district may be formed of two or more adjoining school districts, it is necessary that a majority of the trustees of each of the school districts shall petition for that purpose, and when that is done an election must be ordered therein. It is evident that in such cases each of said school districts is a part of the proposed union high-school district, made such by the said petition; that collectively said school districts form, as it were, a union high-school district *in embryo.* *People* v. *Union High School Dist.,* 101 Cal. 655, 36 Pac. 119. If at the election therein a majority of the votes in the district, as a whole, are for the union high-school district, it is then a district; otherwise, it is not. Id.; Laws 18th Leg. Assem. Ariz., Act No. 32.

It is admitted that the majority at said election in favor of the proposition was not a majority of the qualified electors of the district, and for that reason appellant contends that a union high-school district was not created. In section 3 of said Act No. 32, *supra,* is the following, viz.: "If a majority of such votes be cast in favor of a high school. . . ." These words, considered in connection with other expressions used in said act lead us to the conclusion that the majority referred to is the majority of those voting, and has no reference to the number of qualified electors residing in the district. *People* v. *Union High School Dist.,* 101 Cal. 655, 36 Pac. 119; McCrary on Elections, sec. 173, p. 114; *State* v. *Renick,* 37 Mo. 270; *County of Cass* v. *Johnston,* 95 U. S. 360; *St. Joseph Township* v. *Rogers,* 16 Wall. 644.

It is admitted that no notice of the election was given, and that no election was held, in school district No. 16. It is contended by appellant that the failure to give the proper notice for the election in said district, and the failure to hold an election therein, made the entire election in said union high-school district void. We have already said that each school district was a part of the union high-school district, and

formed, as it were, a voting precinct therein. It is necessary that a notice of the election be given in some way, either by law or otherwise. *Sheen* v. *Hughes,* 4 Ariz. 337, 40 Pac. 679; *McPike* v. *Pen,* 51 Mo. 63; *State* v. *Railway Co.,* 75 Mo. 526; Cooley on Constitutional Limitations, 603. But it is the law that at a general election for officers a failure to have an election in one or more precincts of a county will not make the election void (Rev. Stats., par. 1734; *Louisville etc. R. R. Co.* v. *County Court of Davidson,* 1 Sneed, 637, 62 Am. Dec. 424), unless it be shown that the result would have been different if an election had been held in all the precincts. In this case it was shown that if an election had been held in school district No. 16, and all the qualified voters of said district had cast their votes against the proposition, still there would have remained a large majority in its favor. If this had been an application to prevent the establishment of a high school, instituted in due time, the court might have felt constrained to have stopped the proceedings until an election had been held in each school district; but in this case the steps taken were after the high school was established, and heavy obligations had been incurred with reference thereto. Under these circumstances, the failure to have an election in an inconsiderable portion of the district, in which, if an election had been held, it would not have changed the result, did not make the said election void; and the refusal of the court to grant the injunction was proper. The notices of the election were according to the provisions of act No. 16 (Laws 1891, p. 35), which act governs in this case; hence were sufficient. The judgment of the district court dissolving the injunction is affirmed.

Hawkins, J., and Bethune, J., concur.