PEOPLE OF THE TERRITORY OF UTAH, Ex RELATIONE WALTER MURPHY, COUNTY ATTORNEY OF SALT LAKE COUNTY, APPELLANT, *v.* LEONARD G. HARDY, RESPONDENT.

QUO WARRANTO.—ELECTION AND APPOINTMENT.—TIME FIXED.— Under § 2018, 1 Comp. Laws, 1888, providing that at the general election in 1878, and bienially thereafter, there shall be elected by the qualified voters of this Territory, a collector for each county, whose term of office shall be for two years, and until his successor is elected and qualified and such general election is fixed for August, an election held in August, 1891, was invalid.

ID.—ID.—APPOINTEE HOLDING OVER.—Under § 2020, providing that in case of the office of collector of the county becoming vacant, the county court shall have power to fill such vacancy by appointment until the next general election, where the county court made an appointment to fill a vacancy in November, 1886, to hold until the successor should be elected and qualified, and in August, 1887, this appointee was elected by general election, and again in August, 1889, and no election was held in August, 1888, or in August, 1890, the statute providing that the election should be held in August of the even numbered years, and incumbent should hold until a successor was elected and qualified; *held* that such county collector was still holding in August, 1891, under his appointment for failure to elect at the general election.

ID.—ID.—STATUTORY CONSTRUCTION.—Where the statute provided that a general election for county collector should be held in August of the even numbered years, and another section provided that annually on the first Monday in August there should be a general election for officers not otherwise provided for; *held* that an election for a county collector could not be held in August, 1891.

ID.—ID.—NO VACANCY.—Where the statute provided for an elec-

tion in August of the even numbered years, and for an appointment to fill vacancy until next general election and an appointment was properly made in November, 1886, and appointee elected in August, 1887, and August, 1889, and another person elected in August, 1891, and no election had in any even numbered year 1888 or 1890, and no appointment made in the meantime; *held* that in August, 1891, there was no vacancy in the office of county collector and such collector was still holding under his appointment and not by virtue of his election in 1887 or 1889.

Appeal from a judgment of the district court of the third district. The statutes were passed at different times. The first statute was passed January 3, 1853, and provided: "Annually on the first Monday in August there shall be a general election held in each precinct in the several counties for choosing all officers not otherwise provided for." This section was inserted with sections 2018 and 2020 in a statute passed February 22, 1878, from which place they were inserted in the Compiled Laws of 1888, volume I.

*Messrs. Rawlins and Critchlow* and *Mr. William H. Dickson,* for the appellant.

*Mr. Arthur Brown,* for the respondent.

Miner, J.:

From the agreed state of facts in this case, it appears that, at the August election at Salt Lake county, occurring in 1884 and 1886, one N. V. Jones was elected collector of Salt Lake county. Jones resigned this office to the county court in November, 1886, shortly after his second election and before the expiration of his first term, without qualifying; whereupon the county court appointed Leonard G. Hardy, the respondent, as such collector, for the unexpired term; "also for the term commencing June 1, 1887, and until his successor should be

duly elected and qualified." On June 6, 1887, the county
court again appointed Hardy collector for the year 1887.
Hardy qualified under each appointment, according to
law, and entered upon the duties of his office. At the
August election for the year 1887 said Hardy was elected
collector, and qualified in June following. No one was
voted for or elected collector at the election provided to
be held in August, 1888; but in August, 1889, Hardy was
again elected collector, and duly qualified. After each
appointment and election Hardy received his regular com-
mission from the governor. At the regular election in
August, 1890, no one was elected collector. At the elec-
tion held in August, 1891, three candidates were voted
for. The appellant, A. L. Williams, received 4,420 votes,
that being the highest number of votes polled for any one
candidate, and A. L. Williams was declared elected, and
received his commission from the governor of Utah Terri-
tory, after which he duly qualified as such collector, and
demanded possession of the office, which respondent,
Hardy, refused to yield; whereupon this proceeding was
commenced to test Hardy's title to this office. The relator
now contends that the election of Williams in August,
1891, was valid for the balance of the unexpired term of
this office, which commenced June 1, 1891, and which
would expire June 1, 1893; that Hardy's appointment in
June, 1887, gave him the right to hold until the next
general election in August, 1887, and that his election in
August, 1887, gave him the right to hold until June, 1889,
when the office became vacant; but, there being no elec-
tion in 1888, Hardy would hold over until June, 1891, and
that Williams' election in August, 1891, gave him the
right to the office for the unexpired term ending June,
1893. Respondent, Hardy, contends that his appointment
by the county court, in 1887, confers upon him a right to
hold the office until his successor is duly elected and
qualified; and that, under the statute, the election held in

August, 1891, is void, and that Williams has no title to office under such election; that there was no vacancy in the office in June, 1891, such as, under the statute, could be filled by an election in August, 1891; that no election having been held in August, 1890, nor appointment made, the incumbent holds over until June, 1893. By § 2018 (1 Comp. Laws, 1888, p. 722) it is provided that, at the general election in 1878, and biennially thereafter, there shall be elected, by the qualified voters of this Territory, a collector for each county, whose term of office shall be for two years, and until his successor shall be duly elected or appointed, and qualified; each collector to enter upon the duties of his office on the 1st day of June following his election, after having qualified. Section 2020 (Id. p. 723) provides that in case of the office of collector becoming vacant the county court of the county where such vacancy occurs shall have power to fill such vacancy, by appointment, until the next general election. Section 238 (Id. p. 318) provides that annually, upon the first Monday in August, there shall be a general election held in each precinct in the several counties for choosing all officers not otherwise provided for. Section 187, subd. 25 (Id. p. 303) gives county courts power to fill by appointment all vacancies that may occur in any office filled by appointment of the county court, and elective county district or precinct offices.

Under the agreed facts, the question arises, was the election of Williams, in August, 1891, and the election of Hardy, in August, 1887 and 1889, authorized by law? Was there any vacancy in this office in June, 1891, that could be filled except by an election held in August, 1890, or by appointment of the county court? Section 2018 creates the office of collector, and provides that such collector shall be elected at the general election in 1878, and biennially thereafter; that his term of office shall be for two years, and until his successor shall be duly elected or

appointed and qualified; and that he should enter upon
the duties of his office on the 1st day of June next fol-
lowing his election. The time of the election for the
office created by the act is fixed by the same section at
the general election to be held in August on each even
numbered year following 1878. The term commences the
1st of June following the election, or in an odd numbered
year. Under this section the incumbent holds until his
successor is duly elected or appointed and qualified. Jones
was elected under this statute in August, 1884, and again
in August, 1886, but resigned both terms of office in
November, 1886, to the county court; and Hardy was duly
appointed to fill the long and the short term, under §
2020. This section gives the county court power to fill
the vacancy caused by the resignation of Jones, by appoint-
ment, until the next general election, and § 187 gives the
county court power to fill vacancies that may occur in any
office filled by appointment; so that the term for which
Hardy was appointed would not expire until June 1, 1889,
unless the general election, referred to in § 238, above
quoted, was the general election meant by § 2018, at
which an election for this office could be held. It will be
noticed that this § 238 has' reference to an election for
choosing an officer not otherwise provided for. It will
also be seen that § 2018 does provide for the election
of collectors, so that § 238 cannot have reference to the
election of collectors, but has reference to the election of
officers not otherwise provided for. In *State* v. *Collins,* 2
Nev. 351, it is held "that an election cannot be held for
an office at a time not fixed for such an election;" and,
under a statute providing that a "county superintendent
of schools shall be elected in each county at the general
election in the year 1886, and every two years thereafter
who shall take office on the first Monday in January next
succeeding his election, and hold until his successor is
elected and qualified," and providing that "any vacancy

may be filled until the next general election," the court says that the "next general election" referred to means the next general election occurring on alternate years commencing with 1864, and not the election held in intermediate years. See *Sawyer* v. *Haydon,* 1 Nev. (64), 75; *Kenfield* v. *Irwin,* 52 Cal. 164; Paine, Elect. §§ 284, 310, McCrary Elect. § 109; Cooley, Const. Lim. 602; *People* v. *Church,* 6 Cal. 76.

The county court having the power to appoint and having appointed Hardy to fill the vacancy then existing, the appointment would necessarily continue for the full term to June 1, 1889, and would not be affected by the election of Hardy in 1887, at a time when such election is not provided for by law. The time for the election occurs, under the statute, every two years, but no election was held, in August, 1888, or 1890; consequently Hardy's term continued, under the statute, until his successor was elected or appointed and qualified. The right to hold over until the successor is legally elected and qualified is as much a part of his term of office as the regular period prescribed by statute, so that the length of his term depends upon the election of his successor. There can be no actual vacancy as long as the rightful occupant continues to hold office,—that is, until death, resignation, removal or some legal disability occurs. This provision is a proper one, and is so provided in order that vacancies in office may not occur from a failure of the people to elect at the regular general election fixed by the statute for that purpose. The result necessarily follows that a failure to elect at a period fixed by the statute creates no vacancy in the office, but imposes a right and a duty upon the incumbent to continue in office until his successor is legally elected and qualified; and this right falls upon the incumbent the same whether appointed or elected. In other words a person appointed to fill a vacancy in the office of collector can only be superseded by one

who is duly elected; the person so appointed continuing to hold office in the same manner as if he were originally the incumbent; and his term of office will not expire until he is suspended by death, resignation, removal or some other legal disability occurs, or until his successor is duly elected and qualified. Hardy's term of office did not expire in June, 1891, unless some one duly elected and qualified was then and there ready to take the office.

It is not claimed that Mr. Williams was elected until August, 1891, and, as we have seen, at a time when no election for this office could legally be had under the statute. The statute provides that a vacancy shall be filled by appointment until the next general election. At the next general election in 1888, and in 1890, the office should have been filled for the full term of two years; but no election was held, and there was no vacancy that could be filled by appointment, because the appointee was still there holding the office, and no one had been elected to take it. Paine on Election, § 227, says, "that if there was a vacancy in any just sense, after the expiration of the term, and before the election and qualification of a successor, the statute itself fills the vacancy by providing that the incumbent shall hold until the election and qualification of a successor, and that a failure to elect a successor to an office at the expiration of his term does not create a vacancy to be filled by appointment. * * * The incumbent holds over for an indefinite period if no successor be elected and qualified." There was no vacancy in the office to be filled at the time it is claimed the relator was elected, in 1891, and there was no authority to hold an election at that time for this office. The law had filled it with an incumbent who took and held it from June 1, 1891, because there was no other legal claimant. The incumbent had entered upon a legal term of two years, from June 1, 1891, and will hold until his successor is elected at the general election in August, 1892, unless a legal vacancy

shall sooner occur.  There are many decisions that bear
upon this question, but they depend largely upon the
statutes of the several states where the decisions are ren-
dered.  As sustaining the principle herein expressed we
cite Paine, Elect. §§ 225-228, Mechem. Pub. Off. §§
128, 129, 141, 142, 170; *State* v. *Howe,* 25 Ohio St.  588,
595; *State* v. *Lusk,* 18 Mo.  333; *Brewer* v. *Davis,* 49
Amer. Dec. 706; *People* v. *Lord,* 9 Mich. 221; *State* v.
*Harrison* (Ind. Sup.), 16 N. E. Rep. 384.  The judgment
and order of the third district court are affirmed, with
costs.

ANDERSON, J., and BLACKBURN, J., concurred.