OF THE

## TERRITORY OF ARIZONA

### DURING THE YEAR 1894.

[Civil No. 388.   Filed January 10, 1894.]

[35 Pac. 984.]

CHARLES H. MEYER, Plaintiff and Appellant, v. WIL-
LIAM H. CULVER, Defendant and Appellee.

1. JUSTICE OF THE PEACE—TERM OF OFFICE—REV. STATS. ARIZ. 1887,
PARS. 484, 1393, CITED AND CONSTRUED—PRECINCT OFFICER—ELEC-
TION—TIE VOTE—HOLDING OVER—PARAGRAPHS 484 AND 1393 NOT
REPEALED BY LAWS ARIZ. 1891, ACT NO. 47, WHICH AMENDS REV.
STATS. ARIZ. 1887, PAR. 467.—The term of a justice of the peace
is two years, and until his successor is elected and qualified. Par.
1393, *supra*. All county and precinct officers shall hold office until
their successors are elected and qualified. Par. 484, *supra*. A
justice of the peace is a precinct officer; and where the incumbent
of the office is a candidate for re-election, it is necessary that
another candidate should receive more votes than he to fill the
office by election. Where there is a tie vote, the election of a suc-
cessor to the office is prevented, and the incumbent will hold over
under his former commission. Paragraphs 484 and 1393, *supra*,
were not repealed by act No. 47, *supra*. That act only amended
paragraph 467, *supra*.

2. SAME — BOARD OF SUPERVISORS — POWER TO APPOINT — VACANCY. —
Where there is no vacancy in the office of the justice of the peace,
an appointment to such office by the board of supervisors is void.

APPEAL from a judgment of the Disrict Court of the
First Judicial District in and for the County of Pima. Rich-
ard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

S. M. Franklin, for Appellant.

(145)

.Arizona 4—10

Heney & Ford, for Appellee.

ROUSE, J.—This suit was instituted by appellant against appellee to try the title to the office of justice of the peace, under the provisions of title 62 of the Revised Statutes of 1887. Precinct No. 1, Pima County, is entitled to two justices of the peace. Justices of the peace, in this territory, are elected for a term of two years. At the general election in 1890, M. R. Slater and the appellee were elected justices of the peace for said precinct No. 1, and on the 1st of January thereafter received their commissions according to law, and duly qualified and entered into the possession of said offices. At the general election in 1892 they were candidates for re-election, and at the same time W. F. Scott, C. A. Elliott, and the appellant were candidates for said offices. The votes cast for said offices were divided among the five candidates as follows: Scott, 368 votes; Culver, 303 votes; Meyer, 303 votes; Slater, 255 votes; Elliott, 224 votes. The board of canvassers declared that Scott was elected, and they further declared that, by reason of the tie between Meyer and Culver, neither of them was elected. The board of supervisors, at the meeting in January, 1893, duly commissioned Scott, and, acting on the theory that only one justice of the peace had been elected, and there was a vacancy, appointed and commissioned the appellant to fill said vacancy. After Scott received his commission and qualified, he received the books and papers pertaining to the office of justice of the peace from Slater, and entered upon the discharge of the duties of said office. After Meyer was appointed and commissioned by the board of supervisors, he demanded the books and papers of the office of justice of the peace from appellee, but Culver refused to give them up, and continued in the discharge of the duties of said office. Appellant then commenced this action, and in his complaint alleged, substantially, the foregoing facts. Appellee demurred to the complaint for the reason that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the judgment of the court sustaining the demurrer is the only question presented to us by this appeal.

The precinct mentioned was entitled to two justices of the peace. In this territory the term of office of a justice of the

peace is two years, and until his successor is elected and qualified. Rev. Stats., par. 1393. It is also provided that "all county and precinct officers shall hold office until their successors are elected and qualified." Rev. Stats., par. 484. A justice of the peace is a precinct officer. The appellee, William H. Culver, and Slater, having been elected justices of the peace for said precinct No. 1 at the general election in 1890, and having been commissioned as such in January, 1891, their terms of office were for a period of two years, and until their successors were elected and qualified. Each, therefore, would hold his office until January, 1893, and until his successor was elected and qualified. At the general election in 1892, of the five candidates for the office of justice of the peace for said precinct, Scott was the only one that was elected. He received more votes than any other candidate, and therefore was entitled to one of said two offices. It only remains for us to determine who is entitled to the other office. To fill the two offices by election, it was necessary that two persons should receive more votes than any other candidate. Therefore, before Culver or Slater would lose his office, two persons would have to receive more votes than any other. As to Slater, such was the result. Scott, Meyer, and Culver received more votes than he. As to him, a successor was elected. But as to Culver, no two persons received more votes than he. The tie between him and Meyer prevented an election of his successor, and he will hold over under his former commission. Paragraphs 484 and 1393 were not repealed by act No. 47 of the Laws of 1891. That act amended paragraph 467, but in no way affects the two paragraphs last mentioned. The appointment of appellant by the board of supervisors was void, for the reason that there was no vacancy. The demurrer to the complaint was properly sustained, and the judgment of the district court is affirmed.

Baker, C. J., and Hawkins, J., concur. Sloan, J., not sitting.