STATE, EX REL. COUNTY ATTORNEY, APPELLANT, v. FRANK F. WILLOTT, APPELLEE.

FILED OCTOBER 18, 1919. No. 21099.

1. **Officers:** APPOINTEE: RIGHT TO HOLD OVER. An appointee to fill a vacancy in a public office is generally entitled to the benefit of a statutory provision that officers shall hold over until their successors are elected and qualified.

2. ———: VACANCY. As a general rule, the appointing power has no vacancy to fill upon the expiration of a term of office, where the incumbent is entitled to hold over until his successor is elected and qualified.

3. ———: CHANGE OF TERM. Where the tenure of a public office is fixed by statute, the appointing power cannot change the term as a condition of appointment.

4. ———: APPOINTMENT: CONDITION. An appointing officer or board, as a condition of making an appointment, cannot exact of an appointee the surrender of any right, privilege or emolument appertaining to the office, and this principle cannot be evaded by estoppel.

5. ———: TERM. The time for which the right to hold over exists is as much a part of the incumbent's term of office as the fixed statutory period.

6. ———: VACANCY. Where a sheriff having the right to hold over retains his office, and to protect that right files with the county clerk a proper official bond, which is presented in due time to the county board for their approval, their arbitrary refusal to act on the bond or to approve it within the time prescribed by law does not create a vacancy for them to fill or oust him from office.

State, ex rel. County Attorney, v. Willott.

APPEAL from the district court for Boone county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*R. D. Flory* and *W. J. Donahue,* for appellant.

*Albert & Wagner* and *F. D. Williams, contra.*

ROSE, J.

This is an action in the nature of *quo warranto* prosecuted in the name of the state on the relation of the county attorney of Boone county to oust respondent from the office of sheriff. The action was dismissed, and relator has appealed.

Otto Anderson, sheriff of Boone county, died October 29, 1918. He had been a candidate to succeed himself at the general election to be held November 5, 1918. His name remained on the official ballots after his death, and the election returns showed that he received the highest number of votes cast for that office. It thus happened that there was a vacancy in the office of sheriff October 29, 1918, for the unexpired term, and that Anderson's successor for the regular term beginning January 9, 1919, was not elected at the general election November 5, 1918. The county board, November 2, 1918, appointed respondent to fill the vacancy caused by the death of Anderson. Respondent qualified, entered upon the duties of his office, and is the present incumbent, claiming the right to hold over. The county board met January 20, 1919, and declared that respondent had no right to hold over for the following reasons: He was appointed to fill an unexpired term ending January 9, 1919, and a bond entitling him to hold over was not filed within the time prescribed by law. The county board then proceeded to fill the office of sheriff by the appointment of F. B. Waring.

Did respondent's tenure under his appointment end January 9, 1919, leaving a vacancy to be filled by the county board? An appointee to fill a vacancy in an office is protected by a general statutory provision that officers shall hold over until their successors are elected

and qualified. *State v. Metcalfe,* 80 Ohio St. 244; *Sackett v. State,* 74 Ind. 486. As a general rule the appointing power has no vacancy to fill upon the expiration of a term, where the incumbent is entitled to hold over until his successor is elected and qualified. *Re Advisory Opinion to Governor,* 65 Fla. 434, 50 L. R. A. n. s. 368, and cases cited in note. The death of Anderson did not occur 30 days before the general election, and under the statute the vacancy could not be filled thereat. Rev. St. 1913, sec. 2278. The vacancy, therefore, was properly filled by the appointment of respondent, and thereafter there was an "incumbent to continue in office until his successor is elected and qualified." Rev. St. 1913, sec. 2275. His tenure under his appointment and the statutes did not terminate January 9, 1919. Rev. St. 1913, secs. 1967, 2280. The time for which the right to hold over exists is as much a part of the incumbent's term of office as the fixed statutory period. *State v. Metcalfe,* 80 Ohio St. 244.

It is argued, however, that respondent agreed with the county board that his term of office under his appointment should expire January 9, 1919, and it is insisted that he is estopped to declare the contrary. Where the tenure of office is fixed by statute, the appointing power cannot change the term as a condition of appointment. It is a well-settled rule of law, founded on the imperative demands of public policy, that an appointing officer or board, as a condition of exercising the appointing power, cannot exact of an appointee the surrender of any right, privilege or emolument appertaining to the office. This rule is not defeated by estoppel. *Gallaher v. City of Lincoln,* 63 Neb. 339; *Abbott v. Hayes County,* 78 Neb. 729; Throop, Public Officers, sec. 456. The conclusion, therefore, is that respondent's tenure of office under his appointment did not expire January 9, 1919.

Did respondent lose his right to hold over by failing to give an official bond within the time prescribed by law? The statute provides:

"When it is ascertained that the incumbent of an office holds over by reason of the nonelection or nonappointment of a successor, or of the neglect or refusal of the successor to qualify, he shall qualify anew within ten days from the time at which his successor, if elected, should have qualified." Rev. St. 1913, sec. 5723.

Relator insists that the office of sheriff became vacant because respondent did not give a bond, with the approval of the county board indorsed thereon, by January 19, 1919. A good and sufficient bond executed by respondent in substantial compliance with the statutes was executed by respondent, filed with the county clerk December 13, 1918, and presented to the county board in the usual manner in due time for their approval. The county board, knowing that respondent claimed the right to hold over, did not approve or reject his bond or make any objection thereto until January 20, 1919, when they declared a vacancy because it had not been approved by them in time.

In exercising his right to hold over, respondent in due time complied with all statutory requirements. He was in possession of the office performing its functions under a valid appointment. The failure of the county board to approve his bond was not attributable to him, but was an arbitrary departure from their official duty, based either on a misapprehension of the law or on a preconceived purpose to prevent him from exercising his right to hold over. In either aspect the result is the same. The unauthorized conduct of the county board did not create a vacancy or oust respondent from his office or force him to resort to mandamus for the approval of his bond as a condition of holding over. Respondent was not seeking to oust a present incumbent. For the purpose of defending a writ of ouster his title is sufficient. The approving of the proper bond when presented in due time was not a favor to respondent, but a duty to the public. In law the bond was delivered. For the official acts performed under it during respon-

103 Neb.—51.

dent's incumbency both principal and surety are bound. The case is governed by the rules announced in *Duffy v. State*, 60 Neb. 812, where the cases upon which relator relies are distinguished. See, also, *McCracken v. Todd*, 1 Kan. 148; *Young v. State*, 7 Gill & J. (Md.) 253; Throop, Public Officers, sec. 183; Mechem, Public Officers, secs. 311-313.

The writ of ouster was properly denied and the dismissal of the action is

AFFIRMED.

DEAN, J., not sitting.