## STEPHENSON *v.* POWELL.

No. 7251.    NOVEMBER 14, 1929.

*C. S. Claxton* and *J. E. Cook,* for plaintiff in error.

HINES, J.    W. L. Mixon was selected by the grand jury of Johnson County, at the September term, 1917, of the superior court, of said county, as a member of the board of educatiion of that county for the term of four years.    On January 28, 1918, the Governor issued to him a commission, and he qualified on March 5, 1918. By its terms his commission expired on May 30, 1920.    He continued to serve as a member of the board until the September term, 1922, at which term he was again elected for the term of four years. On October 16, 1922, the Governor issued to him a commission, and he qualified on October 18, 1922.    By the terms of this commission his term of office expired on May 30, 1924, but he continued to serve as a member of the board until he served the full term of four years.    Stephenson was elected for the term of four years by the grand jury of said county, at the March term, 1926, of said superior court, to succeed Mixon.    Mixon served from the date of his election up to and including the August, 1926, monthly session of said board.    Stephenson succeeded Mixon as a member of the board, attended its meeting on the first Tuesday in

September, 1926, and has continued to serve under said election as a member of the board ever since, although the commission issued by the Governor to him, based on said election, by its terms expired on May 30, 1928. Stephenson performed all the duties of said office until the court passed an order on April 3, 1929, appointing Powell to succeed him as a member of the board. After this appointment the board held a called meeting in which Powell participated. Stephenson had no knowledge of the appointment of Powell as his successor at that time, and after he received official notice of Powell's appointment he did not attend the May, 1929, monthly session of the board. The order appointing Powell recited that it was made by reason of a vacancy existing in the board by the expiration of the term of Stephenson. On May 18, 1929, the court passed an order revoking the appointment of Powell as a member of the board, on the ground that it was erroneously and improvidently granted. This order recited that the order appointing Powell was granted upon the supposition that there was a vacancy upon said board by reason of the expiration of the term of Stephenson, which supposition was unfounded. On May 22, 1929, Powell filed a petition to the judge of the superior court, setting forth that he was a duly qualified member of the board by virtue of the order granted by the court on April 3, 1929. He prayed that an order be passed revoking the order passed May 18, 1929. On the hearing the court revoked and annuled the order of May 18, 1929, upon the grounds that Stephenson's term of office expired May 30, 1928, and that at the time of the order of April 3, 1929, appointing Powell a member of said board, there was in fact a vacancy therein, and that the order of the court revoking the appointment of Powell was based upon a misapprehension of the facts. To this ruling Stephenson excepted, and assigned error upon the ground that it was contrary to law, and that the court should have confirmed the order passed on May 18, 1929, instead of revoking it.

1. At the time Stephenson was elected by the grand jury as a member of the board of education, the law provided that "The grand jury of each county (except those counties which are under a local system) shall from time to time select from the citizens of their respective counties five freeholders, who shall constitute the county board of education. Said members shall be elected for the term of four years, and shall hold their offices until their successors shall

be elected and qualified." Civil Code (1910), § 1479; Acts 1919, pp. 288, 320. This has been the law since the adoption of the Code of 1910. 1 Park's Code (1914), § 1479; 8 Park's Code Supp. 1922, § 1437(b); Ga. Code (1926), § 1551(82). All officers of this State must discharge the duties of their office until their successors are commissioned and qualified. Civil Code (1910), § 261.

2. Where the legislature creates an office and provides for the election of an officer to fill it for a given term of years, the incumbent will hold over and beyond the fixed term until his successor is elected, qualified, and commissioned. *Walker* v. *Ferrill,* 58 *Ga.* 512; *Smith* v. *Meador,* 74 *Ga.* 416 (58 Am. R. 438); *Roby* v. *State,* 74 *Ga.* 812. The office does not expire at the expiration of said term, but the elected officer holds over until his successor is commissioned and qualified. Holding over prevents vacancy. *Shackelford* v. *West,* 138 *Ga.* 159 (74 S. E. 1079). This is the general rule proclaimed by the courts in other jurisdictions. State *v.* Brown (Mo. App.), 274 S. W. 965; Stafford *v.* Cook, 159 Ark. 438 (252 S. W. 597); State *v.* Willott, 103 Neb. 798 (174 N. W. 429); In re Opinion to Governor, 65 Fla. 434 (62 So. 363, 50 L. R. A. (N. S.) 368); Conger *v.* Roy, 151 Tenn. 30 (267 S. W. 122); Benson *v.* Mellor, 152 Md. 481 (137 Atl. 294); State *v.* Foster, 39 Mont. 583 (104 Pac. 860); Mount *v.* Howell, 85 N. J. L. 487 (89 Atl. 977); State *v.* Bowden, 92 S. C. 393 (75 S. E. 866); State *v.* Windom, 131 Minn. 401 (155 N. W. 629).

3. The tenure by which an office is held does not generally depend upon the commission which the Governor may think proper to issue. A commission issued by the Governor to a duly elected member of the board of education of a county, in which the term of such officer is stated to be for a given number of years and to end on a designated date, is not conclusive evidence of the right of such officer to hold beyond such term and designated date, and does not prevent courts from looking behind the commission and determining, in a proper case, when the term of such officer legally begins and ends. The statute and not the commission determines the commencement and ending of the term of such officer. *State ex rel. Low* v. *Towns,* 8 *Ga.* 360 (2); *McCleskey* v. *Zimmer,* 141 *Ga.* 834 (88 S. E. 205); *McCants* v. *Layfield,* 149 *Ga.* 231 (3) (99 S. E. 877); *Bennett* v. *Public Service Comm.,* 160 *Ga.* 189 (127 S. E. 612).

Applying the principles above ruled, the court erred in granting the order to which exception is taken, first, because the term of Stephenson had not expired; and second, if it had expired, there was no vacancy to be filled by the judge.

*Judgment reversed. All the Justices concur.*