PEARSON, clerk, *v.* LEE.

No. 7974. OCTOBER 2, 1931.

*H. J. Lawrence,* for plaintiff in error. *C. A. Williams,* contra.

RUSSELL, C. J. Lee as a resident and taxpayer filed a petition for mandamus to require Pearson, clerk of the superior court of

Bacon County, to call an election to elect a successor to Byrd as ordinary. The petition alleged that Byrd was elected ordinary for the years 1925-1928; that in the general election held in 1928 for the term of four years ending December 31, 1932, Lee was a candidate for the office, and Byrd was a candidate to succeed himself, Lee receiving 300 votes and Byrd 264 votes; that petitioner was commissioned as ordinary on January 8, 1929, for a term expiring on December 31, 1932; that Byrd refused to surrender the office until petitioner obtained from the superior court an order requiring him so to do; that petitioner entered upon the duties of the office on April 29, 1929, until January 27, 1930, when he turned said office to Byrd by virtue of a decree in the superior court of said county in a quo warranto proceeding instituted against petitioner by Byrd, and Byrd is now discharging the duties of said office; that no general election has been held in said county for the purpose of electing an ordinary to fill the 1929-1932 term, or any balance of said term, since the last general election referred to in 1928, and a vacancy now exists in said term of office; that petitioner directed the attention of the clerk, Pearson, to the above facts, and demanded that he call an election of a successor to Byrd to the office of ordinary for such term.

The defendant demurred and answered, setting up, in brief, that it appeared from the facts alleged, and from the decision in *Lee* v. *Byrd,* 169 *Ga.* 622, that Byrd was duly authorized to hold the office of ordinary, that no one was elected to succeed Byrd at the general election held in 1928, that Byrd was holding over as provided by law, and that there was no vacancy in the office and no provision of law authorizing the clerk to call an election unless a vacancy existed, etc. At the hearing the judge, being of the opinion that a vacancy in the office existed, made the mandamus absolute. The respondent excepted.

1. Under the Civil Code (1910), § 264, there is no vacancy in the office of ordinary of a county except in seven instances specifically stated in that section. Under § 4782 of that Code, and upon the claim that a vacancy existed in the office of ordinary of Bacon County, Georgia, Lee filed an application for mandamus to require the clerk of the superior court to order an election to fill this vacancy, which was granted by the judge of the superior court, and the clerk of the superior court excepted to that judgment. Since

no vacancy existed in the office, the judge of the superior court erred in requiring the clerk of the superior court to call an election. *Lee* v. *Byrd,* 169 *Ga.* 622 (151 S. E. 28).

2. The office did not expire at the expiration of said term, but the elected officer holds over until his successor is commissioned and qualified. "Holding over prevents vacancy." *Stephenson* v. *Powell,* 169 *Ga.* 406, 408 (150 S. E. 641), and cit.

3. This case is controlled by the ruling of this court in *Lee* v. *Byrd,* supra, in which it was held that Lee, the present defendant in error, not being a qualified voter at the time prescribed by law for the election of ordinary of Bacon County to fill the present term, was not eligible to occupy that office. It follows that although Lee, who was a candidate, received more votes than another candidate who was eligible, his opponent was elected for the present term, the election not being shown to be illegal or defective in any respect. The election of a candidate who was eligible can not be defeated by the mere fact that other voters uselessly cast their ballots for one who was ineligible to fill the office. To hold otherwise would be to subject the county to the trouble and expense of holding another election, merely because only one candidate offered who was eligible to discharge the duties of the office.

4. The question as to whether there is any vacancy in the office of ordinary of Bacon County for the term extending from January 1, 1929, to January 1, 1933, was conclusively adjudicated by this court in *Lee* v. *Byrd,* supra, in which it was held: "Under the constitution and laws, the petitioner [Byrd] was entitled to occupy the office, holding over until his successor is elected and qualified; and the office was not vacant."

5. This case is distinguished from that of *McGill* v. *Simmons,* 172 *Ga.* 127 (157 S. E. 273), in that although Simmons was disqualified by reason of non-payment of taxes prior to the election, the disqualification which rendered him ineligible was removed by the payment of all past-due taxes before the election actually occurred, and before any ballots had been actually cast for him. He was eligible at the time of the election.

*Judgment reversed. All the Justices concur except Beck, P. J.; and Gilbert, J., who dissent.*