*A. R. Dorsey,* for plaintiff in error.    *J. K. Jordan,* contra.

## CHANDLER *v.* BAREFIELD.

104

A. B. *Conger* and *P. D. Rich,* for plaintiff.

A. H. *Gray* and *R. L. Cox,* for defendant.

RUSSELL, C. J.   C. L. Chandler filed a quo warranto proceeding against C. E. Barefield, making these allegations:   Relator for several years past, and up to January 1, 1933, was the duly qualified sheriff of Seminole County.   On November 8, 1932, an election for said office was held, at which time respondent offered himself as a candidate, and received a majority of the votes cast in said election. As a result of said election respondent was declared the duly elected sheriff of said county; but he was ineligible under the constitution and laws of this State to be elected sheriff and is ineligible to hold said office, because on or about December 20, 1931, the City of Donalsonville, a municipal corporation, issued against C. E. Barefield an execution for ad valorem taxes for the year 1931, in the sum of $19.35, and said taxes remained unpaid until May 28, 1932, which was less than six months prior to the date of said election; and not having paid said ad valorem taxes at least six months prior to the date of said election, Barefield was rendered ineligible to be elected sheriff of Seminole County, and to hold said office, and he is now illegally discharging the duties of said office. Relator prayed that respondent show cause why he should not be ousted from said office and said office be surrendered to relator, and that relator be permitted to hold the same until his successor is duly elected and qualified.   The respondent demurred specially to the petition, on the grounds:   (1)   It is not alleged by what officer the execution in question issued, or by what authority such officer purported to act.   (2)   It is not alleged when the taxes for which it is claimed such execution issued were due and payable.   (3)   It is not alleged that C. E. Barefield was legally due the City of Donalsonville any taxes.   (4)   A copy of said execution is not set out in the petition.   (5)   It is not alleged that such taxes were due prior to May 28, 1932, or when they were due.   (6)   It is not alleged how or

by what authority the respondent became indebted to the City of Donalsonville for taxes. (7) It is not alleged that the respondent has had any opportunity of paying such taxes agreeably to law, and has failed to do so. The respondent also demurred because the petition attacks his right to the office of sheriff upon the sole ground that he is not qualified as an elector because he is alleged to be a tax-defaulter, which allegation is insufficient for the following reasons: (a) The petition does not allege that he was lawfully due the City of Donalsonville any taxes. (b) It is lacking in any allegation showing the authority of the City of Donalsonville to assess any taxes against him for the year 1932, or any other time. (c) It does not allege when said alleged taxes due by him to the City of Donalsonville became due and payable. (d) It does not allege that respondent has had any opportunity of paying such alleged taxes agreeably to law, and has failed to do so. On the hearing, counsel for relator having announced that he did not care to amend, the court sustained the demurrer and dismissed the petition. The relator excepted.

Did the allegations of the petition, treated as true, show that the defendant in error was ineligible to hold the office of sheriff by reason of the fact that he had not paid all taxes required of him in accordance with the provisions of art. 2, sec. 1, par. 3, of the constitution of 1877 (Civil Code of 1910, § 6397)? The defendant by demurrer raised the points that the petition did not allege the name of the officer who issued the execution, or the authority of such officer for so doing, or when said taxes were due and payable, or that the defendant in execution was legally due to the municipality any taxes, or that he had had an opportunity to pay such taxes agreeably to law and failed to do so. The petitioner in response to the demurrer failed to make any amendment. In these circumstances the court correctly applied the rule that pleadings attacked by demurrer are always to be strictly construed against the pleader in the court's determination as to the meaning to be implied from statements which require amplification or are ambiguous. We think, therefore, that the court could properly adjudge, since the petitioner would not state that the defendant was legally due any taxes to the City of Donalsonville, or when said taxes were due, or the name or authority of the officer for issuing the execution, that most probably as a matter of fact (and certainly as a matter of law) no person

authorized to issue the fi. fa. had ever issued one, or that the defendant was never legally due any taxes to the municipality, and therefore no showing was made that he was ineligible to hold the office set forth in the petition for quo warranto. The plaintiff relies upon the statement in his petition that the defendant later paid the demand for taxes, to cover completely the foregoing details. We can not concur in this opinion, since without an allegation that he actually owned property subject to tax in the City of Donalsonville, and that this tax had been lawfully demanded, and'that he had had an opportunity of paying the tax, no presumption would arise that he justly owed taxes rather than that he might have paid the demand merely as a matter of popularity or political convenience. Under the explicit provisions of law, one who apparently has been elected by a majority of his fellow citizens to a county office of trust and responsibility can not be ousted by quo warranto unless there is proof of the disqualifications specifically mentioned by law; and this must be done, not by statements of conclusions, but by averments of fact which will enable the court to determine without doubt or qualification that the facts stated in the petition constitute in law a perfect case, so that these facts, if proved, will require the result reached by the people at the ballot box to be nullified. The result of a lawful popular election upon a matter of grave importance, which has been participated in by every qualified voter who desires to cast his ballot, not only can not be jeopardized, but should not be minimized, when the relator in a petition in the nature of a proceeding quo warranto will not make a case on paper which he knows will support his contention if substantiated by proof. Nothing said in *Lee* v. *Byrd,* 169 *Ga.* 622 (151 S. E. 28), *Shaw* v. *DeVane,* 169 *Ga.* 702 (151 S. E. 347), *McGill* v. *Simmons,* 172 *Ga.* 127 (157 S. E. 273), or *Pearson* v. *Lee,* 173 *Ga.* 496 (160 S. E. 369), is directly upon the point here involved, but nothing now held is in conflict with what we ruled in any one of those cases.

*Judgment affirmed. All the Justices concur.*