[Civil No. 4110.   Filed June 12, 1939.]

[91 Pac. (2d) 261.]

FRED PERKINS, Plaintiff, v. COIT I. HUGHES, Defendant.

Mr. Thomas W. Nealon and Mr. George M. Hill, for Plaintiff.

Mr. A. Y. Moore, for Defendant.

LOCKWOOD, J.—Fred Perkins, hereinafter called plaintiff, filed his complaint in the nature of *quo warranto* against Coit I. Hughes, hereinafter called defendant, exercising the functions, franchise and powers of the office of Superintendent of Public Health of the state of Arizona. The complaint alleged, in substance, that defendant was on the 10th day of May, 1937, appointed Superintendent of Public Health of the state of Arizona for the period beginning May 10, 1937, and expiring the first Tuesday in April, 1939, by the Honorable R. C. Stanford, who was at that time the duly elected, qualified and acting Governor of Arizona, and that he was confirmed by the senate of the state of Arizona on May 25, 1937; that he entered upon the performance of the duties of said office and has ever since continued in possession of the office and the emoluments thereof. It is further alleged that on the 7th day of March, 1939, plaintiff was appointed Superintendent of Public Health of the state of Arizona by the Honorable R. T. Jones, who was then the duly elected, qualified and acting Governor of the state of Arizona, for a two-year term, beginning the first Tuesday in April, 1939, and ending the first Tuesday in April, 1941, and that on the 9th day of March, 1939, the appointment was approved and confirmed by the senate of the state of Arizona, and that plaintiff on the 11th day of March took and subscribed his oath of office, and on April 4, 1939, demanded possession of the office of Superintendent of Public Health from the defendant, but that the latter refused to deliver possession and continued to usurp and wrongfully hold and

exercise the office to the exclusion of plaintiff. The prayer was that a citation be issued to the defendant to appear and show by what warrant or right he claimed to exercise the office of Superintendent of Public Health; that it be adjudged that he was not entitled to said office, and that he be ousted therefrom, and that plaintiff be declared entitled to said office and be admitted to the same.

Citation was duly issued, and defendant answered, admitting that he was appointed by Governor Stanford as Superintendent of Public Health on May 10, 1937, and confirmed by the senate of Arizona, but alleging that his term of office does not expire until the first Tuesday of April, 1940. He prayed that it be adjudged that plaintiff was not entitled to the office in question, and that defendant was entitled thereto.

It was stipulated between counsel that the allegations of the complaint in regard to the appointment and confirmation of both plaintiff and defendant were true, and the case was submitted to us upon such stipulation.

The question before us is one of law, and depends upon the interpretation of section 2678, Revised Code of 1928, which reads as follows:

"Board created; superintendent; records. The governor, the attorney general and the superintendent of public health shall constitute a state board of health. The governor shall be president and the attorney general vice-president of such board. The governor shall appoint, by and with the advice and consent of the senate, the superintendent of public health, who shall be a practicing physician of the state and shall hold his office for two years from the first Tuesday in April succeeding his appointment; he shall be secretary of said board and keep a record of its proceedings and of his own acts as superintendent. The board shall meet not less than once every six months at such place in the state as it may appoint."

■ The real issue involved is when the term of office of defendant expires. If, as contended by plaintiff, it terminated on the first Tuesday in April, 1939, admittedly judgment must be for plaintiff. If, on the other hand, as contended by defendant, it does not end until the first Tuesday in April, 1940, necessarily the latter must prevail in the action. This question will be determined by the interpretation we give to the phrase in the section "and shall hold his office for two years from the first Tuesday in April succeeding his appointment." It is stipulated that defendant was appointed on the 10th day of May, 1937. The first Tuesday in April following that would be April 5, 1938, and two years from that date would be the first Tuesday in April, 1940. If, therefore, we give a literal interpretation to the language of the section under which admittedly both plaintiff and defendant are claiming their appointment, it would seem there is no question but that defendant's term of office has not yet expired. It is urged, however, by plaintiff that the appointment of defendant by Governor Stanford expressly stated that the term of defendant expires "the first Tuesday in April, 1939," and that the confirmation by the senate also stated the appointment expired on that date. This is shown by the stipulation to be true, but it does not follow that it is determinative of the issue in this case. It is the universally accepted rule that if a term of office to be filled by appointment is fixed by law, that any attempt by the appointing power to change the term so fixed is void. *McCall* v. *Cull,* 51 Ariz. 237, 75 Pac. (2d) 696; *State* v. *Willott,* 103 Neb. 798, 174 N. W. 429; *People* v. *Mizner,* 7 Cal. 519; *State ex rel. Hodges* v. *Amos,* 101 Fla. 114, 133 So. 623. We, therefore, must consider the second contention of plaintiff, which is that the history of the statute shows plainly that it was the intent of the legislature that defendant's term of office

should expire on the first Tuesday in April, 1939. This section first appeared in our law as Act No. 65 of the Session Laws of 1903, in the following language:

"Section 1. There is hereby established a Territorial Board of Health, composed of a president, a vice-president and a superintendent of public health. The Governor shall be *ex-officio* president and the Attorney-General shall be *ex-officio* vice-president of such Board. The Governor shall nominate and by and with the advice and consent of the Legislative Council appoint a Superintendent of Public Health, who shall be a practical physician of the Territory. The superintendent thus appointed shall hold his office for two years. The several persons thus appointed shall hold their offices for two years from the first Tuesday in April succeeding their appointment, and until their successors are appointed and qualified."

It was carried forward verbatim into the Civil Code of 1913 as paragraph 4367 thereof, and was then revised and reenacted in the 1928 Code in the language first above quoted.

Upon examining the act of 1903, it is at once apparent there is a serious ambiguity therein. The section provides that the board of health shall consist of the Governor and attorney general as *ex-officio* members, and a Superintendent of Health to be appointed by the Governor. The term of the Governor was fixed at that time by federal statute and could not be changed by the territorial legislature, while the term of the attorney general was fixed by another act of the legislature, so that the term of the superintendent was the only one affected by the act. The fourth sentence of the section states that he shall hold office for two years, without specifying when such term should begin. If that were all said on the subject, the term of the first superintendent would have commenced on the date of his appointment and expired two years thereafter, and

each succeeding term would have commenced bienni-. ally on the day of the year the first term began, regardless of the date of subsequent appointments. *State* v. *Williams,* 222 Mo. 268, 121 S. W. 64, 17 Ann. Cas. 1006. But the legislature then continued, "The several persons thus appointed shall hold their offices for two years from the first Tuesday in April succeeding their appointment, and until their successors are appointed and qualified." Since the superintendent was to be appointed, this sentence also necessarily applies to him, and we thus have a decided ambiguity as to the term of that officer. We have held in the case of *Globe School Dist. No. 1* v. *Board of Health,* 20 Ariz. 208, 179 Pac. 55, that that section was taken from article 5, chapter 4 of the Political Code of North Dakota, which appears in the Revised Codes of 1899 of that state as section 240. On examining that section, a possible reason for the ambiguity in our law appears. By the North Dakota statute, two members of the board of health were appointed by the Governor, he himself not being a member, and their terms were fixed by language identical with that of the last sentence of section 1, article 65, of the 1903 act, *supra.* The North Dakota statute thus was plain and definite in its terms. The appointed members of its board of health held their offices for two years from the first Tuesday in April succeeding their appointment and until their successors were chosen. While it is true that under this language the term of any appointed member might be anything from one day to eleven months and twenty-nine days more than two years in length, in accordance with the date of his appointment, there was no ambiguity therein. The terms, though they might be variable in their length, were definitely fixed by reference to an event which was certain and whose date was positively determinable.

■ Whenever the language of a legislative act is unambiguous, clear and definite in its meaning, and does not create an impossible or unworkable situation, it is not for the court to attribute to it a different meaning than that expressly given by the language used by the legislature merely because, in the opinion of the court, the result reached is unusual or peculiar in its nature. *State Tax Com.* v. *Shattuck,* 44 Ariz. 379, 38 Pac. (2d) 631; *Automatic Registering Machine Co.* v. *Pima County,* 36 Ariz. 367, 285 Pac. 1034; *Industrial Com.* v. *Price,* 37 Ariz. 245, 292 Pac. 1099; *Buggeln* v. *Cameron,* 11 Ariz. 200, 90 Pac. 324; *Palmcroft Dev. Co.* v. *Phoenix,* 46 Ariz. 200, 49 Pac. (2d) 626, 108 A. L. R. 802. On the other hand, the Arizona act of 1903, which was carried forward into the Code of 1913 was ambiguous, for it provided for a specific term of two years for the Superintendent of Health, and then for a variable term like that fixed by the North Dakota Code. Had this been the law at the time of defendant's appointment, we would be called upon to go back of the express language to determine the true intent of the legislature, and if it were impossible to determine that intent, to hold the statute void for uncertainty. *Coggins* v. *Ely,* 23 Ariz. 155, 202 Pac. 391; *Bank of Lowell* v. *Cox,* 35 Ariz. 403, 279 Pac. 257; *State* v. *Garfield Bldg. Co.,* 39 Ariz. 45, 3 Pac. (2d) 983.

■ It is clear to us that our legislature in 1903 took a plain and unambiguous statute from the Code of North Dakota, and by changing the language thereof made it ambiguous. Were the language of the Code of 1913 still our law, we would have two possible alternatives. We might say the act, although modified in its language, was taken from the North Dakota law and we will attribute to it the same meaning we would give if it followed the exact language of that law. Or we might say our legislature changed the language of

the North Dakota law by providing two inconsistent methods of determining the length of the term of the appointive officers, and decide whether we should strike therefrom the language giving the Superintendent of Health a fixed term of two years, or that which gave him a variable term, and hope we guessed correctly as to the legislative intent. However, it is neither necessary nor within our province to determine which of these two alternatives we should resort to, for our legislature in 1928 definitely settled the question by deleting the sentence providing for a fixed term of two years for the Superintendent of Health, and leaving in the section the language which clearly establishes a variable term. Whatever we may think of the policy of the legislature in so doing cannot be considered by us in determining what it actually did do. The matter was entirely in its discretion, and it exercised that discretion in choosing between the alternatives, and we are bound by such choice.

■ Since the first Tuesday in April succeeding the appointment of defendant was the first Tuesday in April, 1938, and since, under the plain and unambiguous language of the present law, he holds office for two years from that date, his term will not expire until the first Tuesday in April, 1940, and he is entitled to continue in possession of the office until that date, unless a vacancy occur therein sooner in a manner provided by law.

■■ The appointment of plaintiff to succeed the defendant when the latter's term expires is, nevertheless, a valid one, for when an appointive office is to become vacant at a fixed and definite future date, the appointing power may make an appointment at any time before such date, which will become effective upon the vacancy occurring, provided, always, that the term of the appointing power continues until after the time

when the appointive office will become vacant. 46 C. J. p. 952, and cases cited.

It is the order of this court that judgment be rendered in favor of defendant.

ROSS, C. J., and McALISTER, J., concur.