[Civil No. 4111. Filed June 12, 1939.]

[91 Pac. (2d) 265.]

MORTIE A. GRAHAM, Plaintiff, v. LYNN LOCKHART, Defendant.

Mr. Lynn M. Laney and Mr. Grant Laney, for Plaintiff.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Defendant.

ROSS, C. J.—This is an action in the nature of a *quo warranto* commenced by Mortie A. Graham against Lynn Lockhart to try the right to the office of

member of the Industrial Commission. The facts are fully set forth in the pleadings and are as follows: One J. Ney Miles, prior to January 8, 1938, was a duly appointed and acting member of the Industrial Commission. On that day his term of office expired and the Governor of the state "attempted," as alleged in the complaint,

"to appoint the plaintiff . . . to succeed said J. Ney Miles, but the Senate . . . was not then in session to act upon or confirm said appointment . . . so that there was no vacancy therein for the Governor alone to fill, and because of that situation said attempted appointment . . . was ineffective."

Because his appointment "was ineffective," plaintiff took no steps to get possession of the office and J. Ney Miles continued to occupy it and discharge its duties until August 16, 1938, on which day he ceased to occupy the office or to perform the duties thereof. In contemplation of such action, Miles formally tendered to the Governor, on August 1st, his resignation to take effect August 16th, which was duly accepted by the Governor, who thereupon again appointed the plaintiff a member of the commission, fixing the commencement of his term as August 17, 1938, and its end as January 8, 1944, or for the rest of the term which began January 9, 1938. This appointment was sent by the Governor to the senate in September, 1938, such body being then in session, but the senate declined to confirm it. Graham duly qualified under such appointment by taking the oath and filing a bond, and entered upon the duties of the office.

A change in the appointing power having taken place at the beginning of 1939, the then Governor of the state, by and with the advice of the senate, on March 9th appointed defendant, Lynn Lockhart, as such member of the Industrial Commission for the

term ending January 8, 1944, who also qualified as the law provides.

These facts, in conjunction with the law, must settle the controversy. The facts being agreed upon, our duty is to find and apply the correct rule of law. The issue of law is raised by demurrer to the complaint.

The Industrial Commission is the agency selected by the state to administer the Workmen's Compensation Law. Section 1391 et seq., Rev. Code 1928. The power to appoint its members and their terms of office are provided for by the statute creating the commission. It reads:

"§ 1391. Commission created, membership, terms. There is created the industrial commission of Arizona, to be composed of three members to be appointed by the governor, by and with the advice of the senate, for the term of six years, each to be so appointed that the term of one member expires every two years. Not more than two members of the commission shall belong to the same political party. The governor may remove any member of the commission for inefficiency, neglect of duty, malfeasance, misfeasance, or nonfeasance in office. No commissioner shall hold any office of trust or profit, nor engage in any occupation or business other than his duties as such commissioner; and no commissioner or any regular employee of the commission shall serve on any committee of any political party."

It is the contention of the plaintiff that the resignation of Miles on August 16th created a vacancy in the office and that, since section 1391, *supra,* does not provide how vacancies in the membership of the commission shall be filled, other provisions of law must be looked to for direction as to how they shall be filled. He insists that the source of the Governor's power to make the appointment under the facts is section 8, article 5 of the state Constitution, reading:

"When any office shall, from any cause, become vacant, and no mode shall be provided by the Constitu-

tion or by law, for filling such vacancy, the Governor shall have the power to fill such vacancy by appointment.''

Defendant's position is that this section of the Constitution has no application to the fact situation here. He insists that the ''mode'' of filling the office after Miles' term expired is provided for in section 1391, *supra,* which requires the joint action of the Governor and the state senate. For reasons hereinafter set forth, we believe the defendant's position is right.

 Section 1391, *supra,* provides for regular appointments of members of the Industrial Commission. Under it the terms of the first members are staggered and thereafter a member is appointed every two years, for a fixed period of six years, and when the term of one of them ends the Governor, by and with the advice of the senate, appoints his successor. Miles' term ended January 8, 1938. That being so, the Governor, by and with the advice of the senate, had the right, and it was his duty, to appoint his successor. The Governor's first appointment of plaintiff with concurrence of the senate would certainly have entitled him to the office, but, as he alleges, the appointment could not be made by the Governor *alone* and his attempt was therefore ineffective. This is equally true of plaintiff's second appointment. The appointment could have been made and confirmed in contemplation of the termination of the incumbent's term (*Perkins* v. *Hughes, ante,* p. 523, 91 Pac. (2d) 261), or at a later period when the senate was in session. In other words, the situation invited an appointment of a member of the commission by the appointing power, to wit, the Governor and the senate, all the time from January 8, 1938, but because none was made Miles continued to discharge the duties of the office. It was his duty to do so, made so by stat-

ute. The material part of section 56, Revised Code of 1928, imposing such duty reads as follows:

"Every officer must continue to discharge the duties of his office, although his term has expired, until his successor has qualified."

This provision of the law applies to officers generally, both elective and appointive, and has for its purpose the prevention of vacancies. *Cragin* v. *Frohmiller*, 43 Ariz. 251, 30 Pac. (2d) 247. It is mandatory. It does not give the officer another term but requires him to continue in the office after his term has expired until, but not beyond, the qualification of a successor. This provisional period might be terminated at any time, and the right to terminate it does not depend upon the occupant's resignation. In fact the resignation of Miles did not affect the situation one way or the other. The power to appoint his successor existed regardless of his so-called resignation. An officer who continues to discharge the duties of an office for lack of a qualified person to assume such office, the statute says, must continue to discharge the duties of his office, although his term has expired, until his successor has qualified. The only thing that will relieve such officer is the presence of a qualified successor. He violates the statute if he quits the office for any other reason, or on any other ground, and the Governor's consent thereto before the appointment and qualification of a successor is contrary to the terms of the statute. Miles' term did not extend beyond January 8, 1938, although his tenure did. He had a right to such extended tenure by virtue of his appointment, but he was a mere makeshift or *locum tenens* in the office until his successor qualified. For the purpose of his successor's appointment, the term succeeding his was open when his six-year term ended, but for the purpose of protecting the public and patrons of the Industrial Commission he was required to continue to discharge

the duties of the office until his successor qualified. It is said:

"Since the term of an office is distinct from the tenure of an officer, 'the term of office' is not affected by the holding over of an incumbent beyond the expiration of the term for which he was appointed; and a holding over does not change the length of the term, but merely shortens the term of his successor." 46 C. J. 971, sec. 116.

The correctness of this statement of the rule of law cannot well be questioned. Section 56, *supra,* recognizes the difference between tenure of office and term of office.

It is difficult to see how an officer can, by any action or inaction of his, create a vacancy in a term of office to which he has no title. This is the obvious situation here. Miles had no title to the term of office succeeding his term and his tenure thereof could not be extended by any wish, act, or conduct of his, but was terminable at any time by the appointment and qualification of a successor. Under section 1391, *supra,* the appointing power had as much right to appoint a successor to Miles at any time after his term expired as such power had to appoint the first three members of the Industrial Commission.

The rule plaintiff would have us apply is the one we held applicable in *McCall* v. *Cull,* 51 Ariz. 237, 246, 75 Pac. (2d) 696, 700. In that case J. W. Hunt was appointed, with the advice and consent of the senate, a member of the Livestock Sanitary Board on January 5, 1933, for a term of three years. Hunt resigned during his term and we held that, since the act creating the Livestock Sanitary Board did not provide for the filling of a vacancy, Hunt's successor should be appointed under the provisions of section 8, article 5 of the Constitution, *supra.* In other words, Hunt, by resigning before the expiration of his term,

created a vacancy in the office under the provisions of section 94, Revised Code of 1928—a very different situation from the present one. In that case, although it was not necessary to a decision, we stated:

"The power exists in the Governor and the Senate jointly to appoint and confirm a member of the live stock sanitary board, and under the facts of this case such power could have been exercised at any time after January 5, 1936, since on that date the Hunt term ended. The Legislature was in a regular and three special sessions during 1937, and at any of such sessions, no doubt, the Senate would have concurred in plaintiff's selection by the Governor to such office. The Legislature has made such concurrence necessary to a valid appointment to a *regular* term as fixed by the statute, and, as it has not been obtained, plaintiff is not entitled to the possession of the office." (Italics ours.)

In other words, the holding was that the appointment of Cull by the Governor to fill the unexpired term of Hunt did not require the advice of the senate, but that his continuance in the discharge of the duties of the office into the succeeding or regular term was contingent upon the appointment of a successor by the Governor with the advice of the senate.

Plaintiff, however, insists that, when an officer continues to discharge the duties of the office after his term has expired, he may create a vacancy in the succeeding term by resigning, and cites as sustaining such contention *Sweeney* v. *State*, 23 Ariz. 435, 204 Pac. 1025, and the McCall case, *supra*. It is true we used language in the Sweeney case, which was quoted in the McCall case, that justifies such a contention, but in neither of these cases was that question involved. In the former case the question was whether a person appointed by the board of supervisors to fill an unexpired term in the office of a justice of the peace who continued to perform the duties of the office into the

succeeding term, because the elected justice died before qualifying, was entitled to the office as against an appointee after the succeeding term had commenced. We held he was, but the holding was expressly made upon section 13 of article 22 of the Constitution, reading:

"The term of office of every officer to be elected or appointed under this Constitution or the laws of Arizona shall extend until his successor shall be elected and shall qualify."

Such constitutional provision, we stated in that case, had no application to an appointive office, and this was approved in the McCall case.

■ Plaintiff's contention that section 1391, *supra*, limits the necessity for advice of the senate to the first regular appointments under said section does not appeal to us. The section provides that the three members that compose the Industrial Commission are to be appointed by the Governor "by and with the advice of the senate." This means, as we understand it, that, while the personnel may change, the rule therein prescribed shall apply to subsequent regular appointments as well as to the three original appointees.

■ Plaintiff, without stressing the point, suggests that an appointment "by and with the advice of the senate" does not require "a consent" as such phrase commonly is worded. This view is hardly tenable. The rule is otherwise in the only jurisdiction cited. *In re Opinion of the Justices,* 190 Mass. 616, 78 N. E. 311.

■ We are of the opinion that defendant, Lynn Lockhart, is entitled to the office of a member of the Industrial Commission by virtue of his appointment by and with the advice of the senate, and that therefore the complaint fails to state a cause of action against the defendant.

The demurrer thereto is sustained and the complaint is dismissed.

LOCKWOOD and McALISTER, JJ., concur.