724 P.2d 35

**Vernon L. HOY, Plaintiff-Appellant,**

v.

**STATE of Arizona, Defendant-Appellee.**

**No. 1 CA–CIV 6544.**

Court of Appeals of Arizona,
Division 1, Department D.

Sept. 6, 1984.

Wentworth & Lundin by William J. Reckling III, Phoenix, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by Janice M. Urbanic, Asst. Atty. Gen., Phoenix, for defendant-appellee.

EUBANK, Judge.

This appeal asks us to determine whether the five-year term of office of the director (the Director) of the Arizona Department of Public Safety (DPS) runs independently of the occupant's tenure, or whether each separate occupant of the office is entitled to a full five-year term irrespective of the date he or she was appointed to office. We decide that the term of office runs independently of the occupant's appointment date and affirm the trial court's judgment that plaintiff-appellant Vernon L. Hoy (Hoy), as a matter of law, was *not* entitled to a full five years in office.

The relevant facts are not in dispute. On June 30, 1969, then Governor Jack Williams appointed James J. Hegarty (Hegarty) to serve as the Director of the newly created Department of Public Safety (Laws 1968, ch. 209), stipulating that the appointment would begin on July 1, 1969, and expire on July 1, 1974.

Hegarty resigned in December of 1974 with approximately one month remaining on his term.[1] On December 23, 1974, Governor Williams appointed Colonel Lloyd H. Robertson (Robertson) as the "Acting Di-

---

**1.** When Hegarty was appointed in June of 1969, the appointing statute (then numbered A.R.S. § 41–1611) simply provided for a five-year term. In 1972 the statute (already renumbered A.R.S. § 41–1711) was amended to provide that the five-year term expired on the third Monday in January of the appropriate year. Laws 1972, ch. 163, § 50. The legislature further provided that all terms of state officers which were then in effect would expire on the third Monday in January "next following the year in which such term would otherwise have expired." Laws 1972, ch. 163, § 61(A). Hegarty's term was therefore extended and it expired on the third Monday in January of 1975.

rector" of DPS effective January 1, 1975, with the appointment to "terminate automatically upon appointment of the new Director." Robertson served as Acting Director until January 6, 1976, when the then Governor Raul Castro appointed Hoy as Director.

Hoy took the oath of office on January 6, 1976, and the Senate confirmed his nomination on March 8, 1976. On February 19, 1980, Governor Bruce Babbitt appointed Ralph T. Milstead as Director, the appointment to expire the third Monday in January of 1985. Hoy was removed from office on March 25, 1980, and on September 3, 1980, in accordance with A.R.S. § 12–821, he filed a Notice of Claim with Governor Babbitt for unpaid salary which was subsequently disallowed.

On November 7, 1980, Hoy filed this action in the Superior Court seeking compensatory damages of $44,171 representing unpaid salary for the nine months allegedly remaining on his term of office at the time of his removal. The complaint alleged that Hoy's removal was in contravention of the applicable Arizona statutes. After cross-motions for summary judgment were filed, the trial court entered judgment in favor of the State and this appeal by Hoy followed.

■ We must decide only whether Hoy was entitled to serve a full five-year term. At the outset we note that the issue is purely one of statutory construction. Indeed, where a term of office to be filled by appointment is fixed by law, any attempt by the appointing power to change the term so fixed is void. *Perkins v. Hughes,* 53 Ariz. 523, 526, 91 P.2d 261, 263 (1939).

■ The statute governing the term of the Director of DPS is A.R.S. § 41–1711(D), which provides (as it did at the time of Hoy's appointment):

The director shall be appointed by the governor pursuant to § 38–211 to serve for a term of five years and shall be subject to removal for cause, including but not limited to malfeasance, misfeasance and nonfeasance in office. The term shall expire on the third Monday in January of the appropriate year. The director shall receive an annual compensation as determined pursuant to § 38–611.

This section was originally numbered A.R.S. § 41–1611 and provided only for a five-year term. In 1972 it was amended (Laws 1972, ch. 163, § 50) to provide that the term would expire on the third Monday in January of the appropriate year, and that the appointment would be made pursuant to A.R.S. § 38–211, which reads in pertinent part:

B. If the term of any state office which is appointive pursuant to this section expires, begins or becomes vacant during a regular legislative session, the governor shall during such session nominate a person who meets the requirements of law for such office, and shall transmit his nomination to the president of the senate forthwith. If the senate consents to the nomination, the governor shall then appoint the nominee *to serve for the term, or, in the case of a vacancy, for the unexpired term in which the vacancy occurred.* If the senate rejects the nomination the nominee shall not be appointed and the governor shall nominate another person who meets the requirements for such office as soon thereafter as is practicable. If the senate takes no formal action on the nomination during such legislative session the governor may after the close of such legislative session appoint the nominee to serve for the term, or, in case of a vacancy, for the unexpired term in which the vacancy occurred.

(Emphasis added.)

Hoy argues that the above-emphasized language of A.R.S. § 38–211 indicates that the appointee is limited to serving out the unexpired term of his predecessor *only* if there is a vacancy—in all other instances he serves a full five-year term. Hoy then argues that there was no vacancy when he was appointed because: (1) the situation *sub judice* is not included within the statutory definition of vacancy set forth in A.R.S. § 38–291; and (2) when an incum-

bent officer holds over following the expiration of his term the office is not vacant, citing *City of Tucson v. Jacobson,* 113 Ariz. 534, 558 P.2d 686 (1976), *appeal dismissed,* 434 U.S. 803, 98 S.Ct. 31, 54 L.Ed.2d 61 (1977).

The State argues that when an officer (in this case Robertson) holds over, his successor's (in this case Hoy) tenure is shortened to the remainder of the term, citing *Graham v. Lockhart,* 53 Ariz. 531, 91 P.2d 265 (1939) and *Bland v. Jordan,* 79 Ariz. 384, 291 P.2d 205 (1955) *overruled (in part) on other grounds* in *Kleindienst v. Jordan,* 93 Ariz. 188, 191, 379 P.2d 463, 465 (1963).

While we agree with Hoy that the office was not vacant when Hoy was appointed, we refuse to interpret A.R.S. § 38–211 as he suggests, and therefore we ultimately agree with the State.

We find that the statutory scheme before us is clear. The above-detailed 1972 legislative changes clearly demonstrate that the legislature intended the five-year term to run irrespective of the occupant's appointment date. Indeed, A.R.S. § 41–1711(D) now refers to "[t]he term" in the abstract. In addition, in Laws 1972, ch. 163, § 61, the same Act that amended A.R.S. § 41–1711(D), the legislature provided, in part, that:

> Sec. 61. *Expiration of terms of office*
> A. Notwithstanding any provision of law to the contrary all terms of state officers appointed pursuant to section 38–211 which are in effect on the effective date of this act shall expire on the third Monday in January next following the year in which such term would otherwise have expired.
> B. The terms of state officers appointed pursuant to section 38–211 which are for a term of a specific number of years shall *thereafter* begin and expire on the third Monday in January of the appropriate year *based on the length of the term provided by law.*
>
> *     *     *     *     *     *

(Emphasis added.)

We interpret this section to mean that the legislature intended the Director's five-year term of office, set forth in A.R.S. § 41–1711(D), to run independently of the date of the occupant's appointment. Subsection (A) of the above section dictates that the term which Hegarty was serving when he resigned expired on the third Monday in January of 1975. Subsection (B) provides that the term shall thereafter begin and expire on the third Monday in January of the "appropriate year," with the "appropriate year" being determined by reference to "the length of the term provided by law," in this case five years. The next term of the Director thus began on the third Monday in January of 1975 and expired on the third Monday in January of 1980.

Given the above-summarized legislative intent, we believe that to interpret A.R.S. § 38–211 in the manner which Hoy advocates—to say that the appointee is limited to serving out the remainder of the unexpired term *only* if there is a vacancy—would be in contravention of the entire statutory scheme, and we therefore refuse to interpret A.R.S. § 38–211 as having such effect. Statutes are not to be interpreted in a vacuum, and the legal relationships mandated by one statute cannot be ignored in interpreting another. *Hughes v. Industrial Commission,* 113 Ariz. 517, 520, 558 P.2d 11, 14 (1976). Further, in order to accept Hoy's argument, we would be forced to disregard the provision in A.R.S. § 41–1711(D), and § 61, Laws of 1972, ch. 163, *supra,* that specifically requires that all terms of office expire on the third Monday in January. We cannot accept the argument without disregarding the statute. We are required to give meaning to all of the statutory language. *State v. Superior Court for Maricopa County,* 113 Ariz. 248, 550 P.2d 626 (1976).

We now apply the statutory scheme set forth above to the facts before us. Hegarty's term expired the third Monday in January of 1975. *See,* Laws 1972, ch. 163, § 61(A). When he resigned in December of 1974 before his term had expired, a vacancy was created. A.R.S. §§ 38–291, 38–294.

The Governor had the power, pursuant to art. 5, § 8, Arizona Constitution, and A.R.S. § 41–101(A)(2) to fill the vacancy by appointment and to appoint an interim Acting Director. *McCall v. Cull,* 51 Ariz. 237, 240, 75 P.2d 696, 697 (1938). The Governor appointed Robertson, who served out the remainder of Hegarty's term, which expired by law on the third Monday in January of 1975. Robertson then held over in office for one year into the new five-year term, as required by A.R.S. § 38–295(B).[2]

When Hoy was appointed Director on January 6, 1976, Robertson was in office and had held over for one year into the next five-year term. *Sweeney v. State,* 23 Ariz. 435, 441–442, 204 P. 1025, 1027 (1922); *McCall v. Cull,* 51 Ariz. 237, 243–244, 75 P.2d 696, 698–699 (1938); *City of Tucson v. Jacobson,* 113 Ariz. 534, 536, 558 P.2d 686, 688 (1976). Hoy, by law, was only entitled to serve out the unexpired portion of the remaining term. *See Graham,* 53 Ariz. at 537, 91 P.2d at 267–268; *Clark v. Frohmiller,* 53 Ariz. 286, 88 P.2d 542 (1939); *Bland,* 79 Ariz. at 386, 291 P.2d at 206. Hoy's term (and his right to the office) expired as a matter of law on the third Monday in January of 1980. Hoy was not reappointed Director by the Governor and he then held over, pursuant to A.R.S. § 38–295(B),[3] until Governor Babbitt appointed Milstead as his successor, at which time Hoy's authority ended. *Graham,* 53 Ariz. at 536, 91 P.2d at 267.

We therefore affirm the trial court's findings that Hoy's term expired, as a matter of law, on the third Monday in January of 1980, and that his removal thereafter was proper. Since we affirm the judgment in favor of the State, we need not and do not address the remaining issues.

For the above reasons, the judgment of the trial court is affirmed.

BROOKS, P.J., and KLEINSCHMIDT, J., concur.

---

2. In 1975 A.R.S. § 38–295(B) provided:
   Every officer shall continue to discharge the duties of his office, although his term has expired until his successor has qualified.
   This section's purpose is the prevention of vacancies. *Cragin v. Frohmiller,* 43 Ariz. 251, 256, 30 P.2d 247, 249 (1934) (interpreting Rev.Code 1928 § 56, a substantially identical predecessor to A.R.S. § 38–295(B)).

3. See footnote 2, *supra.* In 1978 the legislature added additional language to this section, but it did not alter the meaning of the section. Therefore, the amendment is not relevant to the disposition of this appeal. *See* Laws of 1978, ch. 81, § 2.